# In the United States Court of Federal Claims

SETH D'AVILLE,

        Plaintiff,

        v.

THE UNITED STATES,

        Defendant.

No. 21-cv-1076

Filed: July 28, 2021

## ORDER

Plaintiff Seth D'Aville, appearing *pro se*, filed a complaint on March 15, 2021 alleging claims against the CIA, FBI, and Johnson & Johnson, and requesting assistance in filing suits against the parties.  Complaint (ECF No. 1) (Compl.) at 1, 3.  Presently before the Court is Defendant's motion to dismiss pursuant to the Rule 12(b)(1) of the Rules of the Court of Federal Claims (Rule(s) or RCFC) because (1) the complaint does not identify a money-mandating statute or regulation requiring the payment of money to Plaintiff and (2) this Court otherwise lacks jurisdiction to grant the relief Plaintiff seeks.  *See generally* Defendant Motion to Dismiss (ECF No. 11) (Def. Mot.).  For the reasons discussed below, Defendant's motion is **GRANTED**, and Plaintiff's claims are **DISMISSED**.

## BACKGROUND

On March 15, 2021, Plaintiff *pro se* filed his complaint making several claims.  First, Plaintiff alleges that he provided information to the CIA, which then failed act on the information that he provided.  Compl. at 1.  Second, Plaintiff alleges that he sent information to the FBI in 2019, but now seeks "to have that information removed."  *Id.*  Finally, Plaintiff states, "[o]ther

information for a lawsuit to file against Johnson & Johnson." *Id.* For relief, Plaintiff seeks assistance in "fil[ing] a law suit and tak[ing] [Plaintiff's] complaints from CIA in 2019." *Id.* at 3.

In filing his complaint, Plaintiff neglected to submit the mandatory filing fees or a completed *in forma pauperis* (IFP) application. *See* Compl. Plaintiff's Cover Sheet to his complaint indicates that Plaintiff's post office box address is "Temp. Mail Address 1387 Hwy 190 Eunice, LA" and indicated that his street address is "8225 W. Mcdowell Road Phoenix, AZ . . . 85035." Compl., Civil Cover Sheet (ECF No. 1-1). Plaintiff also indicates that he is experiencing homelessness and provided the Court with his email address, "Smazz14@aol.com." Civil Cover Sheet (ECF No. 1-1); *see also* Compl. at 2.

On March 18, 2021, the Clerk of Court docketed two orders. The first order notified Plaintiff that it had not received the requisite filing fee and provided Plaintiff with a link to this Court's standard form "Application to Proceed In Forma Pauperis." *See* ECF No. 5. The second order notified Plaintiff of this Court's filing procedures for pro se plaintiffs and provided Plaintiff with an "E-Notification Consent Form." *See* ECF No. 6.

On March 19, 2021, the Clerk of Court mailed the notice and General Order to both the Louisiana and Arizona physical addresses that Plaintiff listed in his complaint. *See* ECF No. 8 at 1, 13.

On March 23, 2021, this Court ordered Plaintiff "to either pay the $402.00 in required fees or submit the attached IFP application" and stated that, "[i]f Plaintiff fails to comply with this Order, this action shall be dismissed for failure to prosecute pursuant to United States Court of Federal Claims Rule 41." *See* ECF No. 7.

On April 7, 2021, the Clerk of Court entered a filing on the docket indicating that the mailings sent to both the Arizona and Louisiana addresses were returned as undeliverable due to invalid mailing addresses.  *See* ECF Nos. 8, 8-1.

On May 13, 2021, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) for a lack of jurisdiction.  *See* Def. Mot.

On May 21, 2021, the Court directed the Clerk of Court to email all documents in the docket to the provided email address, and the Court ordered Plaintiff to provide a valid physical mailing address or sign and return an E-Notification Consent Form by June 3, 2021.  *See* ECF No. 12 at 2.  Additionally, Plaintiff was ordered to pay the $402.00 filing fee or submit an IFP form and respond to Defendant's motion to dismiss by July 9, 2021.  *Id.*

To date, this Court has not received any communication from Plaintiff since he filed his complaint.

## DISCUSSION

A. <u>Lack of Jurisdiction</u>

Pursuant to Rules 12(b)(1) and 12(h)(3), this Court must dismiss claims that do not fall within its subject matter jurisdiction.  When considering a motion to dismiss based on upon lack of subject matter jurisdiction, this Court accepts as true all factual allegations the non-movant makes and draws all reasonable inferences in the light most favorable to that party.  *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (citation omitted).  While this Court must liberally construe the filings of *pro se* plaintiffs, such as Mr. D'Aville, such plaintiffs still have the burden of establishing the Court's jurisdiction by a preponderance of the evidence.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *Curry v. United*

3

*States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Kelley v. Sec'y U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).  As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* litigants.  *See Landreth*, 797 F. App'x at 523.

Through enactment of the Tucker Act, which acts as a waiver of sovereign immunity, Congress has placed within this Court's jurisdiction "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983).  The Tucker Act, however, does not create any enforceable right against the United States on its own.  *See Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 398 (1976); *Todd v. United States*, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004).  Instead, a "plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).  To fall within the Tucker Act's waiver of sovereign immunity, a plaintiff's claim for money damages must be based upon an express or implied contract, or a money-mandating, constitutional provision, statute, or regulation. *See* 28 U.S.C. § 1491(a); *Mitchell*, 463 U.S. at 216-18.  Specifically, a plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government . . . .'" *Mitchell*, 463 U.S. at 216-17 (quoting *Testan*, 424 U.S. at 400 (citation committed)).

The complaint fails to allege any claim of action against the United States that fits within this Court's jurisdiction.  The complaint does not allege that Plaintiff has entered a contract with the United States or that he is seeking monetary damages, nor does the complaint identify a money-mandating statute or regulation requiring the payment of money to Plaintiff. *See generally* Compl.

4

Rather, Plaintiff appears to be seeking some type of unspecified assistance from the Court in filing his complaint against the CIA or assurance that the CIA processes his complaints. *Id.* at 1, 3. Specifically, Plaintiff claims that, in 2019, he sent "[i]nformation . . . to the CIA, for problems, and corruption" and sent the "FBI information also as in 2019 asked to have that information removed, and CIA – to process complaints." *Id.* at 1. Plaintiff does not seem to believe his information has been used, so Plaintiff requested "[h]elp, file a lawsuit, and take my complaints from CIA in 2019. As this is very important." *Id.* at 3. This Court is without authority to grant such relief and, as such, cannot adjudicate this matter. *See First Hartford Corp. Pension Plan & Tr. v. United States*, 194 F.3d 1279, 1294 (Fed. Cir. 1999) (except for "narrowly defined circumstances," the Court of Federal Claims cannot grant equitable relief) (internal citations omitted).

Additionally, to the extent Plaintiff's claims relate to Johnson & Johnson, this Court does not have jurisdiction over suits against private parties. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . ."); *see also Naumenko v. United States*, 277 Fed. App'x. 1009, 1010-11 (Fed. Cir. 2008) (per curiam).

 B. <u>Failure to Prosecute</u>

Even if this Court had jurisdiction over Plaintiff's claims, which it does not, Plaintiff's claims must still be dismissed for failure to prosecute. Pursuant to Rule 41(b), a court may dismiss a case against any plaintiff for the failure to prosecute plaintiff's claim. RCFC 41(b); *see also Claude E. Atkins Enters., Inc., v. United States*, 899 F.2d 1180, 1183- 84 (Fed. Cir. 1990) (finding dismissal proper when a party failed to comply with a court's order). Specifically, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the

court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." RCFC 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). Further, Rule 83.1(c)(3)(C) requires plaintiffs, including those acting *pro se*, to "promptly file with the clerk and serve on all other parties a notice of any change in [their] contact information." RCFC 83.1(c)(3)(C); *see also* RCFC 83.1(a)(3) (imposing the requirement on *pro se* litigants).

The Court ordered Plaintiff to provide a valid physical mailing address or file an E-Notification Consent Form by June 3, 2021. *See* May 21, 2021 Order (ECF No. 12). This Court also ordered Plaintiff to pay the requisite filing fee or file an IFP form and respond to Defendant's motion to dismiss by July 9, 2021. *Id.* The Court has repeatedly tried to contact Plaintiff via the mailing and e-mail addresses he provided the Court. *See* ECF Nos. 8, 8-1, 12. Plaintiff has failed to comply with this Court's orders. In fact, Plaintiff has not filed anything with the Court since filing his initial complaint. Accordingly, Plaintiff's failure to comply with this Court's orders and comply with Rule 83.1 is sufficient reason to dismiss his claims for failure to prosecute. RCFC 41(b); *see also Koopmann v. United States*, 151 Fed. Cl. 336, 340 (2020) (citing *Carpenter v. United States*, 38 Fed. Cl. 576, 577 (1997); *Bloomfield v. Wurtzberger*, No. 9:08-CV-619 GLS/RFT, 2011 WL 281026, at *4 (N.D.N.Y. Jan. 3, 2011), *report and recommendation adopted*, No. 9:09-CV-619 GLS/RFT, 2011 WL 283280 (N.D.N.Y. Jan. 26, 2011)) (dismissing claims of non-responsive plaintiffs pursuant to Rule 41(b)), *on reconsideration in part*, 151 Fed. Cl. 751, (2021).

CONCLUSION

For the reasons stated above, this Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 11). Plaintiff's claims are **DISMISSED** pursuant to Rules 12(b)(1) and 12(h)(3), and alternatively pursuant to Rule 41(b). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

 s/ Eleni M. Roumel 
ELENI M. ROUMEL
Judge